United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Stacey Frater, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-22168-Civ-Scola |
| Lend Smart Mortgage, LLC, | ) |
| Defendant. | ) |

## Order

This matter is before the Court on Defendant Lend Smart Mortgage, LLC's ("Lend Smart") motion to dismiss. (ECF No. 9.) Plaintiff Stacey Frater responded in opposition (ECF No. 14) and Lend Smart replied. (ECF No. 15.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the Defendant's motion. (**ECF No. 9**.)

### 1. Background

Plaintiff Stacey Frater brings a putative class-action claim for violation of the Florida Telephone Solicitation Act ("FTSA"), Florida Statutes § 501.059, against Lend Smart. (Compl. ¶¶ 50-57.) Frater claims that Lend Smart, a "mortgage company and retail lender," sent multiple text messages to her cellular phone and the phones of other putative class members without her, or their, express permission. (*Id.* ¶¶ 2, 3, 12, 16, 18.) The Plaintiff provides examples of two such text messages, dating from April 15 and May 26, 2022, and alleges that the Defendant has been "bombarding" her phone with similar text messages over the past year. (*Id.* ¶ 12.) These texts, the Plaintiff asserts, have caused her and the putative class members the following harms: "violations of their statutory rights" and "statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and wasted time." (*Id.* ¶¶ 4, 38.)

Defendant Lend Smart now moves to dismiss the complaint for a lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that the Plaintiff and the putative class lack standing, and for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint contains pleading deficiencies, brings claims that are preempted by federal law, and raises multiple constitutional issues. (Mot. at 1-2.)

### 2. Legal Standard

Because the question of Article III standing implicates subject matter jurisdiction, it must be addressed as a threshold matter prior to the merits of any

underlying claims. *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015). Article III of the Constitution grants federal courts judicial power to decide only actual "Cases" and "Controversies." U.S. Const. Art. III § 2. The doctrine of standing is a "core component" of this fundamental limitation that "determin[es] the power of the court to entertain the suit." *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1264-65 (11th Cir. 2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). The "irreducible constitutional minimum" of standing under Article III consists of three elements: (1) the plaintiff must have suffered an actual or imminent injury, or a concrete "invasion of a legally protected interest"; (2) that injury must have been caused by the defendant's complained-of actions; and (3) the plaintiff's injury or threat of injury must likely be redressable by a favorable court decision. *Lujan*, 504 U.S. at 560–61; *see also Hollywood Mobile Estates Ltd.*, 641 F.3d at 1265 (stating same).

"[A] dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991)). Motions to dismiss a complaint for lack of subject matter jurisdiction can consist of either a facial or factual attack on the complaint. *Id.* (citing *McElmurray v. Consol. Gov't of Augusta – Richmond Cnty*, 501 F.3d 1244, 1250 (11th Cir. 2007)). A facial attack requires the court to "merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," whereas a factual attack "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.* at 1233-34 (citing *McElmurray*, 501 F.3d at 1251). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." Id. at 1232 (citations omitted).

### 3. Analysis

Consistent with clear and binding Eleventh Circuit precedent, the Court finds that the Plaintiff has failed to allege a sufficient concrete injury-in-fact to demonstrate that she—or the members of the putative class—have standing to bring a claim under FTSA.[1] *Salcedo v. Hanna*, 936 F.3d 1162, 1172 (11th Cir. 2019); *Drazen v. Pinto*, 41 F.4th 1354, 1360-62 (11th Cir. 2022); *see also Grigorian v. FCA US LLC*, 838 F. App'x 390, 394 (11th Cir. 2020). The Plaintiff

---

[1] Because the Court finds that the Plaintiff lacks standing based on the allegations in her complaint and dismisses the complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court declines to address the remainder of the Defendant's arguments.

raises several arguments in support of a finding that standing exists. The Court will address each in turn.

### A. Article III Standing Requirements Apply to FTSA Claims

The Plaintiff argues that the standing analysis should be different under FTSA than under the Telephone Consumer Protection Act ("TCPA," the federal analog to FTSA that the Eleventh Circuit addressed in *Salcedo*) because FTSA specifically identifies text messages where the TCPA does not. (Resp. at 3.)

But, the Eleventh Circuit clearly stated in *Salcedo* that the plaintiff's complaint "facially appeare[ed] to state a cause of action under the TCPA" because the Federal Communications Commission had interpreted the TCPA to cover unauthorized text messages under the agency's rule-making authority. 936 F.3d at 1166 (citing 30 FCC Rcd. 7961, 7964 n.3, 7978-79, 8016-22 (2015); 18 FCC Rcd. 14014, 14115 (2003)). In other words, *Salcedo*'s allegations of the receipt of an unauthorized text message were satisfactory to plead an actual, facial violation of the TCPA. *Id.* To prove Article III standing, however, a plaintiff must demonstrate more than a simple statutory violation—a plaintiff must still demonstrate an injury-in-fact, and "an injury-in-fact must be concrete." *Id.* at 1167. Therefore, the Plaintiff's allegations do not suffice to clear the bar for standing here simply because they state a facial violation of FTSA.

### B. *Salcedo* Remains Good Law

Next, the Plaintiff asserts that *Salcedo* and its progeny were overruled by implication by the United States Supreme Court in *Facebook, Inc. v. Duguid*. (Resp. at 4 (citing 141 S. Ct. 1163 (2021)).) In *Duguid*, the Supreme Court addressed whether a social network's login notification system met the TCPA's definition of an automatic telephone dialer system, based on that plaintiff's alleged receipt of unauthorized text messages from Facebook's login verification system. 141 S. Ct. at 1167-68. The Plaintiff argues that, because the Supreme Court necessarily must consider issues of standing before it hears any case, and the Supreme Court did not find a lack of standing in *Duguid*, then the receipt of unauthorized text messages must necessarily suffice to confer standing under the TCPA (and FTSA). (Resp. at 4-5.)

The Court is not persuaded. At best, *Duguid* can be read for the implication that the Supreme Court was satisfied that that plaintiff had standing to bring his claims under those particular facts. *See* 141 S. Ct. at 1167-68. Certainly, nothing in *Duguid* retreats from the standing analysis the Supreme Court developed in *Lujan* and *Spokeo, Inc. v. Robins*—indeed, *Duguid* does not address the issue of standing at all. *See generally id.*; 504 U.S. at 560; 578 U.S. 330, 338 (2016). This is sufficient reason to reject the Plaintiff's argument on its own.

Regardless, this argument is also foreclosed by Eleventh Circuit case law. In *Drazen*—which was decided in 2022, after *Duguid*—the Eleventh Circuit cited affirmatively to *Salcedo* and relied upon *Salcedo*'s holding. 41 F.4th at 1360-61. *Salcedo* remains controlling law in this Circuit, and this Court must apply it here. 936 F.3d at 1170; *Drazen*, 41 F.4th at 1360.[2] Thus, the Court will consider whether the Plaintiff's allegations suffice to state a concrete injury-in-fact under FTSA, applying the analysis used by the Eleventh Circuit in *Salcedo*. 936 F.3d at 1168-73.

### C. The Complaint Fails to Allege a Sufficiently Concrete Injury-in-Fact to Support Article III Standing under *Salcedo*

Here, the Plaintiff identifies two unauthorized text messages that she received, alleges that she was "bombard[ed]" with many similar messages over the course of a year, and states that those messages caused her and the putative class members "harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and wasted time." (Compl. ¶ 38.) The complaint does not further elaborate how the text messages caused those harms to the Plaintiff or what specific injuries the Plaintiff suffered as a result. *See generally id.* As in *Salcedo*, which remains applicable here, those allegations are insufficient to state a concrete injury-in-fact that will support Article III standing. 936 F.3d at 1167, 1172 (holding allegations of harm to be insufficiently concrete where the plaintiff pleaded that he suffered harms from an unsolicited text message that "caused Plaintiff to waste his time" and "resulted in an invasion of Plaintiff's privacy and right to enjoy the full utility of his cellular device.").

Further, the alleged harms that the Plaintiff claims to have suffered from receipt of the text messages here are remarkably similar to harms that this court has found to be insufficient to support standing in light of Eleventh Circuit precedent. *Eldridge v. Pet Supermarket Inc.*, 446 F. Supp. 3d 1063, 1070-72 (S.D. Fla. 2020) (Williams, J.). In *Eldridge*, the plaintiff alleged several "harms" in support of standing to bring claims under the TCPA for unsolicited text messages. *Id.* At 1070. Those alleged harms included "invasion of privacy, intrusion upon seclusion, and wasted time" related to "five unauthorized text messages." *Id. Eldridge* found those alleged harms to be "qualitatively indistinguishable from

---

[2] The Plaintiff also appeals to several out-of-circuit cases holding the opposite position of *Salcedo* and considering the receipt of a single unauthorized text message to be sufficient to confer standing under the TCPA. (Resp. at 5.) Setting aside that this Court applies the Eleventh Circuit's precedent, not that of other circuits, the Eleventh Circuit addressed the position held by other circuits when it decided *Salcedo*, where it thoroughly considered and rejected the Ninth Circuit's reasoning in *Van Patten v. Vertical Fitness Group, LLC*. 936 F.3d at 1170 (citing *Van Patten*, 847 F.3d 1037, 1043 (9th Cir. 2017)).

those alleged in *Salcedo.*" *Id.* At 1072. Because that plaintiff failed to demonstrate any concrete injury, the court dismissed his TCPA claims. *Id.* at 1072-73. Here, too, the Plaintiff fails to plead harms that are "qualitatively different" from those in *Salcedo. Id.*

To be sure, the Plaintiff here also clears the lowest bar that the plaintiff failed to clear in *Salcedo*—Plaintiff Frater pleads facts demonstrating that she received **two** unsolicited text messages, not one, and alleges that her phone was "bombard[ed]" with more like those two. 936 F.3d at 1172-73; (Compl. ¶ 12.) But the Plaintiff fails to plead any concrete injury-in-fact stemming from those texts. (*See generally* Compl.) As the Eleventh Circuit has held, "Article III standing is not a 'You must be this tall to ride' measuring stick." *Salcedo*, 936 F.3d at 1172 (citations omitted). The test to determine whether an injury is concrete is qualitative, not quantitative. *Id.* The Plaintiff's allegations that she received two text messages, or even that she was "bombard[ed]" with more, do not alone suffice to clear the jurisdictional bar. (Compl. ¶ 12.) The fact that the Plaintiff cannot identify a single specific harm she allegedly suffered, beyond offering a conclusory recitation of harms like "annoyance," "aggravation," and "wasted time," means that she has still failed to clear the qualitative floor for a concrete injury and, therefore, she (and the putative class) lacks standing to bring a claim under FTSA. (*Id.* ¶¶ 4, 38); *Salcedo*, 936 F.3d at 1172-73; *Eldridge*, 446 F. Supp. 3d at 1072. Thus, the Court lacks subject-matter jurisdiction to hear her claim, as pleaded, and must dismiss her complaint.

### 4. Conclusion

For the reasons stated above, the Court **grants** Lend Smart's motion to dismiss (**ECF No. 9**.) The case is dismissed without prejudice, and with leave to file a new civil action. The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on September 27, 2022.

Robert N. Scola, Jr.
United States District Judge